**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#34/36/38/39
3/30 hrg off cal

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6454 PSG (CWx) | Date | March 20, 2009 |
|---|---|---|---|
| Title | Alan W. Campbell v. City of Los Angeles | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Granting Summary Judgment for Defendant**

Before this Court is Defendant's motion for summary judgment. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving papers, the Court hereby GRANTS summary judgment for Defendant.

I.   Background

Plaintiff Alan W. Campbell was working for the City of Los Angeles ("Defendant") as an Information Systems Operation Manager when, in December 2005, he received a call from the Inland Empire Psychiatric Clinic informing him that a coworker had expressed a homicidal threat towards him. Plaintiff immediately reported the incident to his supervisor and was told to go home.

Shortly after receiving this call, Plaintiff took a worker's compensation leave and filed a worker's compensation claim based on a doctor's diagnosis of post-traumatic stress disorder ("PTSD") and temporary total disability certification. According to Defendant, Plaintiff received Injury on Duty ("IOD") compensation from Defendant from December 2005 to December 2006.[1] After a year of IOD benefits, Plaintiff began receiving worker's compensation benefits as required by Cal. Lab. Code § 4453. On May 1, 2006, Plaintiff's Qualified Medical Examiner ("QME") determined that he was unable to return to work in any capacity and that his disability was temporary, not permanent. Plaintiff was reevaluated by the QME on October 1, 2007, who found that Plaintiff was permanently disabled and could not return to work for

---

[1] Pursuant to Los Angeles Administrative Code § 4.104, City employees receive IOD in lieu of the amount specified in the California Workers' Compensation Act for a maximum period of one year.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6454 PSG (CWx) | Date | March 20, 2009 |
|---|---|---|---|
| Title | Alan W. Campbell v. City of Los Angeles | | |

Defendant in any capacity due to his fear of being killed by the coworker who made the threat. The QME also indicated that Plaintiff was taking college classes and could perhaps be hired in a similar capacity by another employer.

Plaintiff alleges that Defendant failed to provide a safe workplace and discriminated against him by terminating him due to his disability, namely, his PTSD. However, Defendant contends that it never terminated Plaintiff and that Plaintiff voluntarily retired effective September 12, 2007. Plaintiff claims that he informed Defendant on January 19, 2007 that he would not return to work and was going to file complaints with various government agencies responsible for workplace safety. According to the Complaint, Plaintiff was forced into an unwanted early retirement due to Defendant's acts, which made Plaintiff's working conditions intolerable.

On July 24, 2008, Plaintiff filed suit against Defendant in Los Angeles Superior Court, alleging causes of action for (1) employment discrimination and retaliation in violation of 42 U.S.C. § 1981; (2) deprivation of civil rights in violation of § 1983; and (3) disability discrimination in violation of Title VII and the Americans with Disabilities Act. Defendant removed the action to this Court on October 1, 2008, and now moves for summary judgment.

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257.

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51.

III.     Discussion

Plaintiff has not filed an opposition to Defendant's motion for summary judgment. Under the Local Rules, a party's failure to oppose a motion within the deadline may be deemed consent

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6454 PSG (CWx) | Date | March 20, 2009 |
|---|---|---|---|
| Title | Alan W. Campbell v. City of Los Angeles | | |

to the granting of the motion. L.R. 7-12. Nonetheless, the Court will reach the merits of Defendant's motion.

Defendant maintains that this action is barred by res judicata because Plaintiff previously brought, and lost, a lawsuit in Los Angeles Superior Court based on the same operative facts. Res judicata, or claim preclusion, bars relitigation of a cause of action that was previously adjudicated in another proceeding between the same parties. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th. 888, 896, 123 Cal. Rptr. 2d 432 (2002). State court judgments have the same preclusive effect in federal court as they would have in the state's own courts. *See* 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). This is true even when a plaintiff seeks to vindicate a federal right, such as a § 1983 civil rights claim, that was not asserted in the state lawsuit. *Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 850 (9th Cir. 1986). This Court must look to California principles of res judicata to determine the preclusive effect that Plaintiff's first suit has upon the present action. *Id.*

Res judicata applies if (1) the decision in the prior proceeding was final and on the merits; (2) the present proceeding is on the same cause of action; and (3) the parties in the present proceeding, or parties in privity with them, were parties to the prior action. *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202, 24 Cal. Rptr. 3d 543 (2004). Causes of action that could have been litigated in the earlier proceeding will also be precluded by res judicata. *Id.* The California Supreme Court has explained that, in the context of res judicata, a "cause of action" refers not to a specific legal theory, but rather to the primary right that defendant's conduct has violated, and which a plaintiff seeks to vindicate. *See Slater v. Blackwood*, 15 Cal. 3d 791, 795-96, 126 Cal. Rptr. 225 (1975). A particular injury might be compensable under multiple legal theories and might entitle a party to several forms of relief; nevertheless, it will give rise to only one cause of action. *Crowley v. Katleman*, 8 Cal. 4th 666, 681-82, 34 Cal. Rptr. 2d 386 (1994).

Plaintiff brought two actions in Los Angeles Superior Court: No. TC021469, filed November 8, 2007 ("*Campbell I*"), and No. TC012183, filed July 24, 2008; the latter was removed to this Court on the basis of federal question jurisdiction and is presently before the Court. The Los Angeles Superior Court entered judgment in the defendants' favor in *Campbell I* on November 10, 2008 after sustaining general and special demurrers. Ex. 109, p.2.[2]

---

[2] Defendant asks the Court to take judicial notice of the original complaint, the operative complaint, and the judgment in *Campbell I*. The Court may take judicial notice of orders by other courts as well as pleadings of another court when those pleadings contain adjudicative

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6454 PSG (CWx) | Date | March 20, 2009 |
|---|---|---|---|
| Title | Alan W. Campbell v. City of Los Angeles | | |

Plaintiff and Defendant were parties to *Campbell I*. *See* Exs. 107, 108, 109. Furthermore, the state court in *Campbell I* sustained Defendant's general demurrer and entered judgment in Defendant's favor, which constitutes a final judgment on the merits. *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). Accordingly, res judicata bars the instant action if it involves the same cause of action as *Campbell I*.

In *Campbell I*, Plaintiff sought to vindicate his rights to employment with Defendant and to safe working conditions. The operative complaint in the prior proceeding alleged that Defendant wrongfully terminated Plaintiff violation of public policy, denied Plaintiff's statutory rights to a safe work environment, and constructively discharged him in retaliation for Plaintiff's complaints of unsafe working conditions. Ex. 108 at p.14. In the present case, the same primary rights are at stake: Plaintiff's alleged right to employment and to a safe workplace. *See Takahashi*, 783 F.2d at 851.

In *Takahashi*, the plaintiff ("Takahashi"), a woman of Japanese ancestry, was employed as a high school teacher by the defendant school district. *Id.* at 849. Takahashi was terminated following a decision that she was incompetent to teach, and she filed a lawsuit against the district. The trial court and the California Court of Appeal found in the district's favor. Takahashi subsequently filed an action in U.S. District Court, alleging that the district had violated her rights under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. §§ 1981 and 1983 by terminating her on the basis of her sex and ethnic origin. *Id.* The Ninth Circuit affirmed the district court's grant of summary judgment for the school district on the ground that Takahashi's federal action was barred by res judicata. *Id.* at 852. The primary right that she sought to vindicate in both suits was the contractual right to employment. *Id.* at 851. The Ninth Circuit held that, by couching her claim as one based on unconstitutional discrimination rather than breach of contract, the plaintiff was not asserting a new injury, but rather presenting a new legal theory upon which she sought recovery. *Id.* Thus, her action was

---

facts relevant to the issue at hand. *See* Fed. R. Evid. 201; *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) (reversed on other grounds); *Powell v. Alleghany Corp.*, No. CV 01-2546, 2001 U.S. Dist. Lexis 25411, at *3 n.1 (C.D. Cal. June 21, 2001). Plaintiff failed to file a opposition to Defendant's motion and has not otherwise objected to the propriety of judicial notice. Accordingly, the Court takes judicial notice of the November 10, 2007 judgment of the Los Angeles Superior Court in *Campbell I*, Case No. TC021469 (Ex. 109), as well as Plaintiff's November 8, 2007 complaint (Ex. 107) and May 27, 2008 second amended complaint filed in that action (Ex. 108).

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6454 PSG (CWx) | Date | March 20, 2009 |
|---|---|---|---|
| Title | Alan W. Campbell v. City of Los Angeles | | |

barred, because under California principles of res judicata, "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim of relief." *Id.* (citation omitted). *See also Balasubramanian v. San Diego Community College Dist.*, 80 Cal. App. 4th 977, 992-93, 95 Cal. Rptr. 2d 837 (2000) (res judicata barred plaintiff's suit for failure to hire because "[a]lthough her theory in federal court was discrimination and her theory in state court was breach of contract, both actions involved the primary right to be employed"); *Gamble v. Gen. Foods Corp.*, 229 Cal. App. 3d 893, 899-902, 280 Cal. Rptr. 457 (1991) (terminated employee's previous Title VII suit barred breach of contract suit because in both cases the asserted primary right was the right to employment).

Similarly, here, Plaintiff has raised new federal theories of relief—disability discrimination and deprivation of an alleged "federal right" to safe working conditions—but seeks to vindicate the same primary rights to employment and to a safe workplace that were at issue in *Campbell I*. Even if Plaintiff has added new facts to his second complaint, these new allegations are insufficient to establish that he is seeking redress for a different harm than that which was already addressed by the state court. *See Monterey Plaza Hotel Ltd. P'ship v. Local 483 of the Hotel Employees & Rest. Employees Union, AFL-CIO*, 215 F.3d 923, 928 (9th Cir. 2000). Accordingly, all three prongs of res judicata are satisfied, and Plaintiff's action is barred in its entirety.

IV.  Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. All remaining hearing dates in this action are hereby VACATED. Defendant has 10 days from the date of this order to submit a proposed judgment to the Court.


**IT IS SO ORDERED.**