O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#45

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6454 PSG (CWx) | Date | April 20, 2009 |
|---|---|---|---|
| Title | Alan W. Campbell v. City of Los Angeles | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Denying Plaintiff's Motion for Relief from Judgment**

Before the Court is Plaintiff's motion for relief from judgment. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion.

I.   Background

Alan W. Campbell ("Plaintiff") initiated this action by filing a civil rights lawsuit against the City of Los Angeles ("Defendant"), alleging causes of action for (1) employment discrimination and retaliation in violation of 42 U.S.C. § 1981; (2) deprivation of civil rights in violation of § 1983; and (3) disability discrimination in violation of Title VII and the Americans with Disabilities Act. Because the parties are familiar with the underlying facts, the Court does not recite them here. On March 20, 2009, the Court granted summary judgment for Defendant, finding that Plaintiff's action was barred in its entirety by res judicata. Final judgment was entered on March 31, 2009. Plaintiff now moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(d)(3).

II.   Legal Standard

Federal Rule of Civil Procedure 60(d)(3) provides that nothing in Rule 60 "limit[s] a court's power to . . . set aside a judgment for fraud on the court." Thus, this provision itself does not grant any authority to the court. Accordingly, the Court characterizes Plaintiff's motion as one for relief under Fed. R. Civ. P. 60(b)(3), which permits a court to set aside a judgment on the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#45**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6454 PSG (CWx) | Date | April 20, 2009 |
|---|---|---|---|
| Title | Alan W. Campbell v. City of Los Angeles | | |

basis of fraud, misrepresentation, or misconduct by the opposing party. The party seeking relief bears the burden of proving, by clear and convincing evidence, that the verdict was obtained through fraud. *Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir. 1982).

III.   Discussion

As an initial matter, Plaintiff filed his motion for relief from judgment on March 30, 2009. However, final judgment was not entered until March 31, 2009. Accordingly, Plaintiff's motion appears to be procedurally improper, since it was filed before entry of final judgment. *See* Fed. R. Civ. P. 60(c); Robert E. Jones, et al., Federal Civil Trials & Evidence § 20:365 (The Rutter Group 2008). Moreover, as explained below, Plaintiff's motion fails on the merits.

As grounds for relief, Plaintiff contends that Defendant's "representatives and officers of the Los Angeles City Attorney's Office ("CAO") have knowingly submitted undisputed but incomplete misleading facts, there are facts omitted, and it is misleading to the Court." Plaintiff lists a number of facts which Defendant allegedly omitted from the separate statement of facts it submitted in conjunction with its motion for summary judgment.

Plaintiff failed to submit an opposition to Defendant's motion for summary judgment. Plaintiff had a full and fair opportunity to oppose the motion, to dispute Defendant's version of the facts, and to provide the Court with additional evidence; it was at his own peril that he neglected to do so. To establish that he is entitled to relief under Rule 60(b)(3), Plaintiff must show that Defendant prevented him from fully and fairly presenting his case. Jones, et al. § 20:386; *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). Plaintiff has not alleged any conduct on the part of Defendant that prevented him from setting forth the facts which Defendant purportedly omitted.

Furthermore, Defendant and its counsel were not required to advise the Court of facts favorable to Plaintiff. "An attorney is to be expected to responsibly present his client's case in the light most favorable to the client, and it is not fraudulent for him to do so." *Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir. 1980). It is well-settled that "the mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment under Rule 60(b)." *Id.* (citing *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir. 1976)).

Finally, the facts before the Court on the motion for summary judgment showed that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#45**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6454 PSG (CWx) | Date | April 20, 2009 |
|---|---|---|---|
| Title | Alan W. Campbell v. City of Los Angeles | | |

Plaintiff's suit was barred by res judicata. Because the Court did not reach the merits of Plaintiff's claims, the evidence now presented by Plaintiff would not have changed the outcome. Plaintiff does not contend that Defendant fabricated the facts upon which the Court relied in concluding that res judicata barred this action.

In sum, Plaintiff has failed to show, by clear and convincing evidence, that Defendant perpetrated fraud upon the Court.

IV.     Conclusion

For the foregoing reasons, Plaintiff's motion for relief from judgment is DENIED.

**IT IS SO ORDERED.**